UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ERIC BEAN,

Plaintiff,

against

ANTHONY NAK, INC., DAVID N. ARMSTRONG
and ANTHONY CAMARGO,

Defendants.

------------------------------------------------------------x



08 CV 03017

ECF CASE
JUDGE JES
**COMPLAINT**

RECEIVED
MAR 26 2008
U.S.D.C S.D N.Y.
CASH...

Plaintiff, Eric Bean ("Bean"), by his attorneys Cowan, DeBaets, Abrahams, & Sheppard, LLP, for his complaint against defendants, Anthony Nak, Inc. ("Anthony Nak"), David N. Armstrong ("Armstrong"), and Anthony Camargo ("Camargo") (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff, a professional photographer, brings this action for copyright infringement against Defendants Anthony Nak, a corporation and Camargo and Armstrong, individuals, based on their unauthorized use of his copyright protected images in a promotional web video featured on their website. Prior to the unauthorized posting, plaintiff and defendants had a valid license agreement specifying the terms of use of the images in the video. Defendants, without plaintiff's permission and without negotiating a license fee, re-posted the video on their website after expiration of the license agreement. Plaintiff made numerous good faith efforts to contact defendants and negotiate a licensing fee, but Defendants consistently failed to negotiate, thus compelling Plaintiff to bring the present action.

## JURISDICTION AND VENUE

2.     This claim arises under the provisions of the Copyright Act of the United States, as amended, 17 U.S.C. § 1 *et seq.*, and is for infringement of a copyright registered in the Copyright Office of the United States.

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and personal jurisdiction over defendants pursuant to N.Y. CPLR § 302 *et. seq.*

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

5.     Plaintiff is a professional photographer currently residing at 42 Towpath Road, Accord, New York, 12404. At all relevant times, Plaintiff resided at 233 East 14th St., Loft #2, New York, NY 10003 and was doing business in this judicial district.

6.     Defendant Anthony Nak Inc. is and at all relevant times was a corporation duly existing under the laws of Texas with its principal office or place of business at 800 Brazos Street, Suite 300, Austin, TX 78701. At all relevant times, Anthony Nak was engaged in the business of creating, marketing, and selling fine jewelry. This jewelry is sold in retail stores throughout the United States, including this district. In addition, Anthony Nak maintains an e-commerce website for the purpose of advertising and selling its products at www.anthonynak.com.

7.     Upon information and belief, defendant David N. Armstrong was at all relevant times the President and creative director of Anthony Nak and resides in Austin, Texas with a business address at 800 Brazos Street, Suite 300, Austin, TX 78701.

8.    Upon information and belief, defendant Anthony Camargo was at all relevant times the Vice-President and creative director of Anthony Nak and resides in Austin, Texas with a business address at 800 Brazos Street, Suite 300, Austin, TX 78701.

## PERSONAL LIABILITY OF DEFENDANTS

9.    Defendant David N. Armstrong, as officer, director and/or principal shareholder of defendant Anthony Nak, is individually liable for the infringing activities described herein.

10.    Upon information and belief, at all relevant times defendant David N. Armstrong personally participated in and/or had the ability and right to supervise, direct, and control the infringing activities alleged in this Complaint.

11.    Upon information and belief, defendant David N. Armstrong derived financial benefits from the infringing activities.

12.    Defendant Anthony Carmago, as officer, director and/or principal shareholder of defendant Anthony Nak, is individually liable for the infringing activities described herein.

13.    Upon information and belief, at all relevant times defendant Anthony Carmago personally participated in and/or had the ability and right to supervise, direct, and control the infringing activities alleged in this Complaint.

14.    Upon information and belief, defendant Anthony Carmago derived financial benefits from the infringing activities.

## FACTS

15.    In approximately February 2003, Defendants retained Plaintiff 's professional photography services on a freelance basis to conduct a photo shoot for the purpose of generating photographs for possible use in their public relations and advertising campaign for their jewelry line.

3

16.    Plaintiff created approximately 500 images, some of which were to be included in a web video (the "Video") for use on defendants website www.anthonynak.com (the "Website").

17.    Plaintiff prepared an invoice which detailed the fee for his photography services and the license terms, which included the specific uses and duration of time, for which the photographs could be used. As a professional courtesy, plaintiff charged defendants a discounted rate of $7,500. The invoice states: "Website/Promotion usage for one year starting 3/25/03". The invoice is annexed hereto as Exhibit A.

18.    Defendants paid Plaintiff the $7,500 fee in the invoice, thus agreeing to the terms.

19.    Upon information and belief, Defendants engaged the services of a production company for the purpose of creating the Video that would incorporate Plaintiff's licensed photographs. The Video which featured over 70 of the photographs from the shoot, was approximately 7:49 minutes long. The Video was posted on the Website in March 2003.

20.    In approximately July 2003, Plaintiff's photography services were again retained by Defendants. At that session, Plaintiff created approximately 750 images, several of which were incorporated via license agreement into the already existing Video that was featured on the Website. Again, Plaintiff issued an invoice that detailed the duration and fee for use. Defendants paid that invoice.

21.    In 2004 Plaintiff authored a book entitled The Complete Guide for Models (the "Book"). The Book contained many of Plaintiff's photographs, five (5) of which were featured prominently in the Video (the "Images"). Screen shots from the Video and the corresponding pages from the Book showing the Images are annexed as Exhibit B.

22.    Plaintiff holds a valid copyright registration to the Images in the Book, Registration No. VA0001292337. A copy of this registration is annexed as Exhibit C.

4

23.     On or about November 2007, Plaintiff discovered that Defendants were continuing to display the Video containing plaintiff's Images on the Website. In addition to the Video, the website also provided a link to a promotional news video that featured several Plaintiff's photographs.

24.     Defendants infringed Plaintiff's copyrights in the Images by continuing to use the Images on the Website after March 25, 2004 when the license expired.

25.     Plaintiff notified Defendants that their continued use of the Video on the Website violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C §106 in the Images, and gave Defendants an opportunity to enter into a retroactive licensing agreement or make payment for defendants' past unauthorized use prior to instituting the present action. Despite Plaintiff's repeated requests for payment, defendants refused to rectify the infringing conduct.

## COUNT I
### (Infringement of Copyright – Copyright Act, 17 U.S.C. § 501 *et seq.*)

26.     Plaintiff repeats each allegation contained in paragraphs 1 through 25 of this Complaint.

27.     Defendants have infringed Plaintiff's copyright in the above registered work by posting on their website unauthorized copies of the Images.

28.     Defendants' conduct constitutes copyright infringement under the Copyright Act of 1976, 17 U.S.C §501.

29.     Plaintiff is entitled to recover damages, which include its actual losses and any and all profits defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504.

30.    As a result of the copyright infringement described above, Plaintiff is entitled to relief, including, but not limited to, injunctive relief, actual or statutory damages, statutory costs and attorneys fees and prejudgment interest.

31.    Furthermore, Plaintiff is entitled to recover of its full costs, including reasonable attorneys fees pursuant to 17 U.S.C. § 505.

WHEREFORE, Plaintiff prays that this Court:

A.    Preliminarily and permanently enjoin defendants, its officers, directors, principals, agents, servants, employees, successors and assigns from:

(a)    copying, or making any unauthorized use of the Images, in any form, including but not limited to print or electronic.

(b)    manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any promotional material bearing any simulation, reproduction, counterfeit, or copy of the Images.

(c)    using any simulation, reproduction, counterfeit, or copy of the Images, in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product or service of defendants.

B.    Direct defendants to deliver for destruction all products, magazines, signs, prints, packages, dies, wrappers, receptacles, digital files and advertisements in its possession or under their control, bearing the Images, or any simulation, reproduction, counterfeit, or copy, and all plates, molds, matrices and other means of making the same.

C.    Direct defendants to account for and relinquish to Plaintiff all gains, profits, and advantages derived by defendants through defendants' infringement of Plaintiff's copyrights.

6

D.    Direct defendants to pay to Plaintiff such damages, including statutory damages as Plaintiff is entitled to as a consequence of defendants' infringement of Plaintiff's copyrights in its Images.

E.    Award to Plaintiff the costs of this action together with reasonable attorney's fees.

F.    Award to Plaintiff prejudgment interest on the amount of the award to Plaintiff, and;

G.    Award to Plaintiff such other and further relief as the Court may deem just and proper.

Dated: New York, New York
         March 24, 2008

Respectfully Submitted,

COWAN, DEBAETS, ABRAHAMS, &
SHEPPARD, LLP

By: _____
     Zehra J. Abdi
     Nancy E. Wolff
     41 Madison Avenue
     New York, New York 10010
     (212) 974-7474
     ATTORNEYS FOR PLAINTIFF
     ERIC BEAN

# Exhibit A

# ERIC BEAN
## PHOTOGRAPHER

233 East 14th Street, Loft #2
New York NY 10003
(212) 995-0331

## INVOICE

Client:  Anthony Nak                     Date: 3/25/03

Description:
Jewelry Campaign

Photography fee:                          $7,500.00
One day shoot
Website/Promotion usage, for one year,
starting 3/25/03

Approximate Expenses:

make-up/hair                              $800

film, processing                          $800

assistant/props/misc                      $700

model ( special price)                    $1,800

**Special Discounted Price**                    Total : $10,000.00


Deposit: 1/4 budget                              -$2500.00
Model fee (paid)                                 -$1800.00

TOTAL DUE:                                        $5700.00

# Exhibit B

reputable agencies will provide you with plenty of time to research the business, check references, and come to a sensible decision.







# five signs of professionalism

1. **Good Manners:** Saying "good morning" and "thank you" go a long way! Basic pleasantries are taken for granted. If you get too nervous...

2. **Timeliness:** If you are late to a meeting, the client will worry that you may be late on the actual project as well.

3. **Preparedness:** Your portfolio should be up to date when you go on meetings. And you should be prepared for the type of job you were hired for. This includes being well rested and arriving ready to work.

4. **Attitude:** Willingness to work, experience, and a professional attitude. No clocking your time as...

5. **Follow-up:** Businessmen and job-hunters know the importance of thanks you notes—mailing it is no different! They could have used any one of a hundred emails for the job but they chose you.

"...learn to count early, don't spend what you don't have and never let anyone — even your parents — totally take over your finances."

# money matters

a







The types of poses also differ based on the lighting, backdrop, makeup, and clothing itself. It will often be up to you to bring it all together, so be aware of how these things all interact.

## practicing poses

Learning to pose well is time consuming. Determining when to use certain poses takes practice. When inexperienced models "strike a pose" that they've seen in a magazine, it can be laughable if it is in an inappropriate setting.

"A new kid just learns the ropes is going to be nervous and not know what to expect on a photo shoot," explains Michael Unrig, Micon Worldwide.

Not only does she or he lack confidence, but they also have fewer set poses to draw inspiration from, so sometimes they stand there and freeze. When in doubt, ask the photographer. It's always okay to suggest, "How about this or that?"

It is important that the model take an inventory of his or her body before the photographer starts shooting. Where are my











getting started in modeling

4









# Exhibit C

FEE CH/
Fees are
that date
at www
3000 for



After
bsite
707-



# FORM VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1 – 292 – 337



EFFECTIVE DATE OF REGISTRATION

DEC 2 3 2004

Month          Day          Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**  TITLE OF THIS WORK ▼

THE COMPLETE GUIDE FOR MODELS

NATURE OF THIS WORK ▼ See Instructions

Photographs/Illustrations

PREVIOUS OR ALTERNATIVE TITLES ▼

Publication as a Contribution. If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    Title of Collective Work ▼

If published in a periodical or serial give:   Volume ▼        Number ▼        Issue Date ▼        On Pages ▼

---

**2**  NAME OF AUTHOR ▼

**a**  Eric Bean

DATES OF BIRTH AND DEATH
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶ __USA__
      Domiciled in ▶ __USA__

Was This Author's Contribution to the Work
Anonymous?        ☐ Yes  ☒ No
Pseudonymous?    ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture         ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork            ☒ Photograph      ☐ Text
☐ Reproduction of work of art      ☐ Jewelry design  ☐ Architectural work
☑ Illustrations

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**  NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶
      Domiciled in ▶

Was This Author's Contribution to the Work
Anonymous?        ☐ Yes  ☐ No
Pseudonymous?    ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture         ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork            ☐ Photograph      ☐ Text
☐ Reproduction of work of art      ☐ Jewelry design  ☐ Architectural work

---

**3**  Year In Which Creation of This Work Was Completed
**a**  2004    ◄ Year   This information must be given in all cases.

Date and Nation of First Publication of This Particular Work
**b**  Complete this information ONLY if this work has been published.    Month ▶ Oct.    Day ▶ 1    Year ▶ 2004
Nation ▶ U.S.A.    ◄ Nation

---

**4**  COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Eric Bean c/o
Lark Books
67 Broadway
Asheville, NC 28801

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
DEC 2 3 2004
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 2 3 2004
FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
                • See detailed instructions.          • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

EXAMINED BY _____    FORM V

CHECKED BY _____

☐ CORRESPONDENCE    FOR
Yes    COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼    Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

    Some photos not by, nor claimed for author.

**6**

a

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

    All other photos.

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼    Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.    Name/Address/Apt/City/State/ZIP ▼

    Patricia Wald
    Lark Books
    67 Broadway
    Asheville, NC  28801

b

Area code and daytime telephone number ▶ ( 828 ) 253 0467    Fax number ▶ ( 828 ) 253 7952

Email ▶

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☒ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _photographer/illustrator/publisher_
    Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

    Patricia Wald

Handwritten signature (X) ▼    Date ▶ Oct. 11, 2004

☐ X _Patricia Wald_

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼    Patricia Wald

Number/Street/Apt ▼    Lark Books

City/State/ZIP ▼  67 Broadway
    Asheville, NC  28801

• Complete all necessary spaces
• Sign your application in space 8

1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

May 2000—100,000
WEB REV: May 2000    Ⓡ PRINTED ON RECYCLED PAPER    ☆U.S. GOVERNMENT PRINTING OFFICE: 2000-461-113/120

# Exhibit D



Franchise Administration

May 30, 2006

***VIA 2-DAY UPS***
Mr. P.K. Patel
1328 Jake Alexander Boulevard, S
Salisbury, NC 28146

Re:     **Termination of Ramada System Unit 02226-81896-1
Located in Thomasville, North Carolina ("Facility")**

Dear Mr. Patel:

I serve as Settlement Manager for Ramada Worldwide Inc. ("we", "us" "our"). As you are aware, the June 24, 1992 license agreement ("Agreement") between Y&Y, Inc. ("you" or "your") and us for the operation of the Facility referenced above as a Ramada guest lodging facility was terminated on or about March 31, 2005 because you flipped the Facility to a non-Cendant brand.

The termination of the Agreement requires you to fulfill certain post termination obligations, including complete de-identification of the Facility and payment of all outstanding royalties and liquidated damages.

Accordingly, we request payment of $104,000.00 in liquidated damages as a result of the premature termination of the Agreement as well as $3,745.57 in outstanding recurring fees and other charges on or before **June 9, 2006**. We are offering you an opportunity to resolve this dispute without resorting to litigation. However, if you do not contact me to resolve this matter before **June 9, 2006**, we will have no other choice but to refer this matter to our outside litigation counsel.

I urge you to take this opportunity to resolve this matter now, before the parties are forced to spend time and money pursuing a matter that could have been resolved amicably. Please contact me directly at 973-496-5662 or by fax at 973-496-2797.

Very truly yours,

Randi Siouffi
Settlement Manager

RS/jm

cc:    K.C. Patel
       Kiron Patel
       Dilip Patel

Mr. P.K. Patel
May 30, 2006
Page 2


bcc:   Marc Merriweather
      Green File